franklin 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00111-CR







Ronnie Starlin Franklin, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 19,092, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING








 This is an appeal from a conviction for delivery of a controlled substance. See Texas
Controlled Substances Act, Tex. Health & Safety Code Ann. § 481.112 (West Supp. 1996). The jury
found appellant, Ronnie Starlin Franklin, guilty and assessed his punishment at 35 years in the Institutional
Division of the Texas Department of Criminal Justice. In two points of error, appellant contends that the
district court erred in (1) refusing to order a new jury panel or disallowing the State's peremptory strikes
on the grounds that the strikes were made for racially discriminatory reasons, and (2) refusing to suppress
certain evidence that was not produced until the day of trial. We will affirm the conviction.



BACKGROUND


 On October 5, 1995, appellant sold eleven rocks of "crack" cocaine to a woman who was
working with Texas Department of Public Safety ("DPS") narcotics agents. Appellant was indicted by a
Milam County grand jury on December 14, 1995, for the delivery of cocaine (more than one gram but less
than four grams). The case was called for a jury trial on February 12, 1996.



DISCUSSION


Batson challenge

 Appellant's first complaint is that the district court erred in overruling his motion to select
a new venire or disallow the State's peremptory strikes because the State used its peremptory strikes in
a racially discriminatory manner. Appellant argues that the prosecutor used his peremptory challenges to
exclude African-American veniremembers from service on the jury because of their race. Excluding
veniremembers from jury service because of race violates the Equal Protection Clause of the Fourteenth
Amendment to the United States Constitution. U.S. Const. amend. XIV; Batson v. Kentucky, 476 U.S.
79 (1986).

 The Court of Criminal Appeals has outlined the applicable burden of proof in a Batson
challenge:



When a . . . defendant is convicted by a jury from which black persons have been
deliberately excluded on account of their race, then such conviction is unconstitutional. .
. . If he can make a prima facie case of purposeful discrimination, the state must then offer
racially neutral explanations for all peremptory challenges exercised against members of
his race. . . . When neutral explanations are offered it then becomes the defendant's burden
to persuade the court that such challenges were racially motivated in fact. . . . 



Lewis v. State 815 S.W.2d 560, 563-64 (Tex. Crim. App. 1991), cert. denied, 503 U.S. 92 (1992)
(citations omitted).

 The analysis of a Batson challenge consists of three stages. First, the defendant must make
a prima facie showing of discrimination. The defendant can accomplish this by showing that the State used
its peremptory strikes to eliminate members of a cognizable racial group from the venire. See Tennard v.
State, 802 S.W.2d 678, 680 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259 (1991). Second, the
State must offer racially neutral reasons for its peremptory strikes. Williams v. State, 804 S.W.2d 95, 97
(Tex. Crim. App.), cert. denied, 501 U.S. 1239 (1991). Finally, if the State can present the court with
racially neutral reasons for its strikes, then the defendant must persuade the trial court that the State's
purported reasons for its peremptory strikes are mere pretext and are in fact racially motivated. See Cantu
v. State, 842 S.W.2d 667, 689 (Tex. Crim. App.), cert. denied, 113 S. Ct. 3046 (1992).

 On appeal of a Batson challenge, this Court must apply a clear error standard of review. 
See Hernandez v. New York, 500 U.S. 352, 364-65 (1991). In applying this standard, we must review
all of the evidence in the light most favorable to the district court's ruling and then determine if the district
court's ruling was clearly erroneous. See Williams, 804 S.W.2d at 101. If, after reviewing all the
evidence, we cannot say that the district court's ruling was clearly erroneous, we must uphold the district
court's ruling even though this Court would have weighed the evidence differently had we been sitting as
the trier of fact. See Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985).

 In the instant cause, the State exercised a peremptory strike on all four of the African-American venirepersons remaining after the court ruled on the challenges for cause. Appellant filed a
motion asking the trial court to order a new jury panel or else disallow the State's peremptory strikes for
being racially discriminatory. The district court found that appellant established a prima facie case of
discrimination.

 The record shows that in response the State presented evidence of race-neutral reasons
for striking the four African-American members of the venire. The district court found that the State's
supporting explanations were race-neutral. One explanation was based on a misunderstanding by the
State's attorney. Nonetheless, the reason given was unrelated to any racial basis. Following the State's
explanation concerning the four members, appellant did not present any evidence to suggest that the State's
explanations were pretextual. In fact, appellant admitted to being satisfied by the reason for striking at least
one of the potential jurors on the basis that the prosecutor recognized her and had prosecuted her son for
a felony. Because appellant did not present any evidence at trial disputing the State's race-neutral
explanations for the manner in which it exercised its peremptory strikes, he did not meet his burden of
proof. Therefore, we overrule appellant's first point of error.



Suppression of evidence

 In his second point of error, appellant complains that the district court erred by failing to
suppress the actual "crack" cocaine that appellant sold to the DPS's buyer. On February 6, 1996, the
district court granted appellant's motion for discovery requesting all physical evidence in possession or
control of the State that the State intended to offer at trial. The order did not contain any provisions
regarding time, place, or manner of production. According to the affidavit of appellant's trial attorney, the
State informed appellant's attorney that it could not produce the cocaine before trial because it was at a
lab in Austin, Texas.

 Appellant filed a motion to suppress the cocaine and any testimony regarding the cocaine
at 8:30 a.m. on February 12, 1996, the first day of trial. At the suppression hearing, the State informed
the court that DPS officers would be present at noon with the evidence and offered to make it available
to appellant when it arrived. The district court denied appellant's motion to suppress the evidence. 
Appellant did not request a continuance, and the trial ensued. The court recessed from 12:11 p.m. until
1:11 p.m.. The State introduced the evidence during the testimony of its first witness, who was called
shortly after the noon recess.

 Because appellant's motion for discovery did not request a time, place, or manner of
production, the State did not fail to meet any court ordered deadline by producing the evidence on the day
of trial. Furthermore, appellant knew as of February 8 that the cocaine was at the DPS lab in Austin. 
Appellant's attorney was free to go Austin to inspect the cocaine. Appellant did not request, or suggest
that he needed, a trial delay or continuance in order to have adequate opportunity to inspect the evidence.

 In addition, appellant's motion to suppress and his brief to this Court state that the only
reason appellant wanted to inspect the cocaine was to verify that it weighed over one gram, as charged. 
Appellant does not otherwise challenge the proof of the substance. He could have weighed the cocaine
during the noon recess or requested a longer recess in order to weigh the evidence. Furthermore,
suppression of the actual cocaine seized would not have prevented the State from proving the weight of
the cocaine. The DPS lab report, which was admitted without objection, established that the weight of the
cocaine was 1.11 grams. Appellant did not challenge its weight or question the report's reliability.

 Because appellant could have inspected the cocaine on the day of trial, coupled with the
fact that failure to suppress was harmless because the weight of the cocaine was established by a lab report
that was admitted without objection, appellant's second point of error is overruled.



CONCLUSION


 Having overruled appellant's two points of error, we affirm the trial court's judgment.



 


 Marilyn Aboussie, Justice


Before Justices Powers, Aboussie and Kidd


Affirmed


Filed: October 16, 1996


Do Not Publish



allenges for cause. Appellant filed a
motion asking the trial court to order a new jury panel or else disallow the State's peremptory strikes for
being racially discriminatory. The district court found that appellant established a prima facie case of
discrimination.

 The record shows that in response the State presented evidence of race-neutral reasons
for striking the four African-American members of the venire. The district court found that the State's
supporting explanations were race-neutral. One explanation was based on a misunderstanding by the
State's attorney. Nonetheless, the reason given was unrelated to any racial basis. Following the State's
explanation concerning the four members, appellant did not present any evidence to suggest that the State's
explanations were pretextual. In fact, appellant admitted to being satisfied by the reason for striking at least
one of the potential jurors on the basis that the prosecutor recognized her and had prosecuted her son for
a felony. Because appellant did not present any evidence at trial disputing the State's race-neutral
explanations for the manner in which it exercised its peremptory strikes, he did not meet his burden of
proof. Therefore, we overrule appellant's first point of error.



Suppression of evidence

 In his second point of error, appellant complains that the district court erred by failing to
suppress the actual "crack" cocaine that appellant sold to the DPS's buyer. On February 6, 1996, the
district court granted appellant's motion for discovery requesting all physical evidence in possession or
control of the State that the State intended to offer at trial. The order did not contain any provisions
regarding time, place, or manner of production. According to the affidavit of appellant's trial attorney, the
State informed appellant's attorney that it could not produce the cocaine before trial because it was at a
lab in Austin, Texas.

 Appellant filed a motion to suppress the cocaine and any testimony regarding the cocaine
at 8:30 a.m. on February 12, 1996, the first day of trial. At the suppression hearing, the State informed
the court that DPS officers would be present at noon with the evidence and offered to make it available
to appellant when it arrived. The district court denied appellant's motion to suppress the evidence. 
Appellant did not request a continuance, and the trial ensued. The court recessed from 12:11 p.m. until
1:11 p.m.. The State introduced the evidence during the testimony of its first witness, who was called
shortly after the noon recess.

 Because appellant's motion for discovery did not request a time, place, or manner of
production, the State did not fail to meet any court ordered deadline by producing the evidence on the day
of trial. Furthermore, appellant knew as of February 8 that the cocaine was at the DPS lab in Austin. 
Appellant's attorney was free to go Austin to inspect the cocaine. Appellant did not request, or suggest
that he needed, a trial delay or continuance in order to have adequate opportunity to inspect the evidence.

 In addition, appellant's motion to suppress and his brief to this Court state that the only
reason appellant wanted to inspect the cocaine was to verify that it weighed over one gram, as charged. 
Appellant does not otherwise challenge the proof of the subs